IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  15-cv-01802-RM-CBS

THE ESTATE OF **ROBERT VALLINA**;
**JUAN J. VALLINA**, personally; and
**MARTHA VALLINA**, personally and as personal representative of the estate of Robert Vallina,
deceased;

       Plaintiffs,

v.

**THE COUNTY OF TELLER SHERIFF'S OFFICE**, and its **DETENTION FACILITY**;
**SHERIFF MIKE ENSMINGER**, in his individual and official capacities;
**DEPUTY CHRISTIANSON**, in his or her individual and official capacities;
**DEPUTY JOHNSON**, in his or her individual and official capacities; and,
**JOHN/JANE DOE (1-20)**, in their respective individual and official capacities.

       Defendants.

---

## STIPULATION AND PROTECTIVE ORDER

---

Plaintiffs and Defendants County of Teller Sheriff's Office, Sheriff Mike Ensminger, Deputy Ian Christiansen, and Officer Kevin Johnson (collectively referred to as the "Parties"), by and through their respective counsel, stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502(d) of the Federal Rules of Evidence concerning the treatment of Confidential Information (as hereinafter defined) and documents covered by the attorney-client privilege or work product doctrine.  As grounds therefore, the Parties state as follows:

1.      In this action, at least one of the Parties will produce or has sought and/or may seek Confidential Information (as defined in paragraph 2 below). The Parties also anticipate

seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' security, safety, or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2.      "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom, which contains information that a party believes is confidential and implicates common law and statutory privacy interests of the individuals who are named and which are not made available to the public, as to which a reasonable expectation of privacy or confidentiality exists.

3.      Information designated as Confidential must first be reviewed by the attorney for the designating party, who must have a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c). *Gillard v. Boulder Valley Sch Dist.*, 196 F.R.D. 382, 386 (D. Colo. 2000).

4.      Where Confidential Information is produced, provided, or otherwise disclosed by the Parties in response to any discovery request, it will be designated in the following manners:

    a.      By imprinting the word "Confidential" on the first page or cover of any document produced;

b.     By imprinting the word "Confidential" next to or above any response to a discovery request;

c.     With respect to transcribed testimony, by designating such testimony "Confidential" at the time of the deposition or hearing; or by giving written notice to opposing counsel designating such portions as "Confidential" no later than thirty (30) calendar days after receipt of the transcribed testimony; and

d.     With respect to live testimony, by making a record at the time of the testimony.

5.     Confidential Information is subject to the following restrictions:

a.     It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever; and

b.     It shall not be communicated or disclosed by any party's counsel or a party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of **Exhibit A** has been signed.

6.     Individuals authorized to review Confidential Information pursuant to this Protective Order including, but not limited to, the Parties to this action, their undersigned counsel, and self-insurance representatives, shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity, or government agency unless authorized to do so by court order. The Parties recognize that the available sanctions for the violation of the protective order include, but are not limited to, the sanctions available under Fed. R. Civ. P. 37(b)(2)(A).

7.      The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients on Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

8.      By producing any Confidential Information or testifying on any matter later designated as "Confidential," no party to this protective order waives any objection or challenge to the admissibility of any such Confidential Information.

9.      Each party shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients on Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

10.     Upon a showing of substantial need, each party has the right to seek court intervention, including in camera review, to determine whether the terms of the Protective Order are being complied with.

11.     During pendency of this action, opposing counsel may upon Court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 9 above upon showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable to otherwise identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial

need, counsel may then seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

12.     No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes, including for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation, and subject to all restrictions herein. Nothing herein shall be construed as precluding the provision of actual copies of designated documents provided the provisions of paragraph 5 are followed.

13.     A party may object to the designation of particular information as Confidential by giving written notice to the party designating the disputed information at any time. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the designating party to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

14.     In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the filing party shall ascertain whether the

Confidential Information should be filed as a restricted document under D.C.COLO.LCivR 7.2. The Parties agree to confer in advance of submitting Confidential Information to the Court in order to resolve any disputes over whether access should be restricted and to provide a nonmoving party the opportunity to file a motion under D.C.COLO.LCivR 7.2. If the Parties agree access should be restricted, the Confidential Information shall be filed in accordance with D.C.COLO.LCivR 7.2. The fact that this Protective Order has been entered into by any party shall not in any way preclude a party from opposing a motion to restrict public access to designated information.

15.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order.

16.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

17.     Upon termination of this litigation, including any appeals, each party's counsel agree to continue to keep the information confidential after the litigation concludes.

18.     Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court pursuant to Fed. R. Civ. P. 26(c); or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

19.     The parties agree that in the event privileged information or documentation is inadvertently disclosed to an opposing party, any such information or documentation so disclosed shall be immediately returned to the producing party without any copies being made or notes being taken regarding said information/documentation by those who have received the inadvertent disclosure.  Further, the Parties agree that no recipient of privileged information or documentation shall utilize such information/documentation or any fruits derived therefrom for the purposes of this litigation and that the inadvertent disclosure of information or documentation shall not constitute a waiver of any privilege that may otherwise apply.  The Parties further agree that the protections afforded by Fed. R. Evid. 502(d) shall apply herein and request that the Court recognize as part of this Stipulation and Protective Order the application of Fed. R. Evid. 502(d) to documents covered by the attorney-client privilege or work product doctrine.

Dated this 14th day of December 2015.

BY THE COURT:


s/Craig B. Shaffer_____
CRAIG B. SHAFFER
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

**AFFIDAVIT**

STATE OF COLORADO    )

                              ) ss

COUNTY OF             )

_____, swears or affirms and states under penalty of perjury:

1.      I have read the Protective Order entered in *Estate of Robert Vallina, et al. v. The County of Teller Sheriff's Office, et al.*, Civil Action No. 15-cv-01802-RM-CBS, a copy of which is attached to this Affidavit.

2.      I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3.      I promise that I have not and will not divulge or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4.      For the purpose of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5.      I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:

_____

_____

Telephone No.: (_____) _____

STIPULATED AND AGREED TO:

MACEAU LAW                                    WELLS, ANDERSON & RACE LLC


By:   *S/ John M. Scorsine*            By:   *S/ Rachel Ollar Entrican*
      Greg Maceau                            Cathy Havener Greer
      John M. Scorsine                       Rachel Ollar Entrican
      Mark A. Barrionuevo                    Wells, Anderson & Race LLC
      Maceau Law                             1700 Broadway, Suite 1020
      3225 Templeton Gap Road, Suite 205     Denver, CO 80290
      Colorado Springs, CO 80907             Telephone: (303) 830-1212
      Telephone:  (719) 633-2222             E-mail: cgreer@warllc.com;
      E-mail: greg@maceaulaw.com             E-mail:  rentrican@warllc.com
      E-mail: john@maceaulaw.com
      E-mail: mark@maceaulaw.com

      *Attorneys for Plaintiffs*             *Attorneys for Defendants*